E-FILED
Friday, 03 February, 2017   04:19:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cr-30061 |
| ) | |
| AARON J. SCHOCK, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE OPPOSING POLITICO'S REQUEST
REGARDING SEALED DOCUMENTS**

Defendant Aaron J. Schock, by and through counsel, submits this response to the Court's January 25, 2017, Order directing the parties to submit their positions on Politico's letter asking the Court to make certain sealed filings and orders publicly available. Politico's letter dated January 17, 2017, requests that the Court "make publicly available, in redacted form if necessary, a series of filings and orders issued in recent weeks in the criminal case" and renews its request "to unseal filings and orders in the related miscellaneous proceeding." Politico Letter (d/e 50).

The Court directed the parties to respond to Politico's renewed and revised request and include a position regarding the following issues: (1) whether the Reporters at Politico have standing to request sealed documents to be unsealed in this case; (2) whether any of the documents filed under seal should be unsealed; and (3) whether any of the documents filed under seal should be unsealed with redactions.

Our brief responses to these issues are:

1. The reporters have not established standing to seek disclosure of documents filed in the matters because they have not sought intervention and pleaded standing, a prerequisite to the relief they seek;

1

2. Even if the request to unseal was cognizable, the materials in question should not be unsealed for several reasons, including that the release of the materials would present undue risk to Mr. Schock's due process rights to a fair trial by generating adverse pretrial publicity; and

3. If some or all of the materials were to be released, they should be redacted to both minimize the risk of adverse pretrial publicity and to protect the privacy of individuals identified therein.

## INTRODUCTION

Politico's request for disclosure should be denied. As a threshold matter, neither Politico nor its reporters have standing to make this request because they are not a party to the case. *See Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994) (holding that "intervention is the procedurally appropriate course for third-party challenges to protective orders"). Even if Politico had standing, the Court should deny Politico's request in its entirety and keep all of the documents under seal. Politico's request principally pertains to two categories of documents: (1) a document filed in the criminal case attaching materials generated during the investigation in support of a now-moot motion to modify Mr. Schock's pretrial release conditions and motions related to the filing of those materials, which if unsealed could prejudice the jury panel, and (2) multiple documents filed during the grand jury investigation pertaining to litigation of a grand jury subpoena.

With respect to the document filed in the criminal case, continued sealing is critical. The release of sensitive grand jury and investigative material—selectively submitted to the court by the government—must always be balanced against a defendant's right to a fair trial. The government may have its chance to present evidence against Mr. Schock at trial, but it is

inappropriate and improper to use pre-trial filings as a means to insert selective evidence in the public record.

With respect to the documents filed during the grand jury investigation, they should remain under seal. Judge Myerscough denied Politico's earlier request for the unsealing of these documents. *See* Text Order, *In re Grand Jury Subpoena*, No. 3:15-mc-3005 (Mar. 30, 2016). Indeed, even Politico concedes that some of the sealed documents "are routinely and automatically sealed." The sealed documents Politico seeks include documents: (1) relating to subpoenas issued by the grand jury; (2) containing details that could reveal the focus and scope of the grand jury's investigation; and (3) identifying witnesses who either testified before the grand jury or whose documents were sought. Continuing to keep these documents under seal is proper to prevent revelation of the scope of the grand jury investigation, safeguard witness privacy, and limit the publication of sensitive information that could prejudice Mr. Schock before trial.

Accordingly, as discussed in further detail below, this Court should deny Politico's request.

## DISCUSSION

### I. Politico Does Not Have Standing and It Has Not Properly Intervened

"To have standing, a *plaintiff* 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Carlson v. United States*, 837 F.3d 753, 757–58 (7th Cir. 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)) (emphasis added). Politico has not intervened and established standing. Even if Politico had established standing, it would not be guaranteed the relief it seeks. *See id.* at 759. Although the public has a right of access to proceedings and documents that have historically been open to the public, *see In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998), the materials sought in this case pertain to matters

occurring before the grand jury, to which the public emphatically *does not* have a historical right of access. *See* Fed R. Crim. P. 6(e)(6); *In re Newark Morning Ledger Co.*, 260 F.3d 217, 221 (3d. Cir. 2001) ("[T]here is no presumptive First Amendment or common law right of access to court documents that involve materials presented before a grand jury."). Moreover, if Politico wishes to assert that it has a right of access to these materials, the Seventh Circuit has "recognized intervention as the logical and appropriate vehicle by which the public and the press may challenge a closure order." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000). The Seventh Circuit prefers the procedural mechanism of intervention for the limited purpose of seeking access to sealed materials because it "affords the court an opportunity for due deliberation." *In re Associated Press*, 162 F.3d at 507.

Politico's letter request fails to comply with the procedural avenue required by the Seventh Circuit. Although the Federal Rules of Criminal Procedure lack a counterpart to Federal Rule of Civil Procedure 24, which allows intervention, courts have permitted intervention in criminal matters when the potential intervenor has demonstrated a legitimate interest in an issue in the proceedings. *See United States v. Blagojevich*, 612 F.3d 558, 559–60 (7th Cir. 2010); *In re Associated Press*, 162 F.3d at 507–08. However, a non-party must still intervene in order to protect that interest. *See id.* Here, Politico has not formally moved to intervene in the criminal matter (or the separate miscellaneous proceeding), and is therefore not a party to it and may not request the unsealing of documents in these matters. Indeed, Politico has not even made the pretense of filing a motion to intervene or to unseal the record. Thus, rather than setting forth in a proper motion the reasons why this Court's order sealing the materials should be overturned, Politico submits a threadbare letter making a conclusory assertion as to its right of access. In doing so it seeks to relieve itself of the burden of making a case for its standing and right to intervene in this matter

and instead imposes a burden on Mr. Schock and the government. The Court should require Politico to proceed in the manner the Seventh Circuit requires.

For the reasons below, however, even if the Court considers Politico's request, the Court should deny the request to unseal.

### II.     All of the Documents Filed Under Seal Should Remain Under Seal

The First Amendment right of access is not absolute and does not guarantee access to every aspect of a trial. *United States v. Corbitt*, 879 F.2d 224, 228–29 (7th Cir. 1989). Additionally "there is no First Amendment right of access to grand jury proceedings." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 499 (D.C. Cir. 1998). More specifically, Rule 6(e)(6) mandates that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings . . . be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6).

The Supreme Court has outlined several reasons for maintaining grand jury secrecy: (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 n.10 (1979).

Even after the grand jury concludes, disclosure of sealed documents does not automatically follow. A party seeking disclosure of grand jury testimony must show "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id*. at 222. As the Supreme Court has explained, "the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities." *Id*. This is so because of the potential effects on future grand jury proceedings, such as potential witnesses' fear of retribution if their testimony were to be made public following the grand jury's conclusion. *See id.*

Federal Rule of Criminal Procedure 6(e) provides a permissive, non-exclusive list of reasons for release of grand jury materials. *Carlson*, 837 F.3d at 766. Borrowing criteria used in the Second Circuit, the district court in *Carlson* identified nine non-exhaustive factors for courts to consider when a request is made to unseal grand jury materials:

(1)  the identity of the party seeking disclosure;
(2) whether the government or the defendant in the grand jury proceeding objects to disclosure;
(3) why disclosure is being sought in a particular case;
(4) what specific information is being sought;
(5) how long ago the grand jury proceeding took place;
(6) the current status of the principals and their families;
(7) the extent to which the material has been previously made public;
(8) whether witnesses to the grand jury proceedings who might be affected by the disclosure are still alive; and
(9) any additional need for maintaining secrecy in a particular case.

*Carlson v. United States*, 109 F. Supp. 3d 1025, 1034 (N.D. Ill. 2015) (citing *In re Petition of Craig*, 131 F.3d 99, 106 (2d Cir. 1997)). After applying those factors to a request to unseal witness

testimony from a grand jury investigation some *70 years earlier* into whether a newspaper violated the Espionage Act, the court in *Carlson* agreed to unseal records.

By contrast, and as discussed below, these factors support the continued sealing of these materials, both as to the criminal matter documents and the miscellaneous matter documents.

### A. The Criminal Matter Documents Should Remain Sealed to Ensure a Fair Trial, Protect Grand Jury Secrecy, and Avoid Publication of Sensitive Information

Few of the fifty-four docket entries from this criminal matter are sealed. Those that are fall into two categories: (1) the Defendant Information Sheet (d/e 3), a document containing confidential information regarding Mr. Schock, which the government provided to the Court and which is not yet available even to the defense; and (2) documents related to the government's offering of documents and materials obtained through the grand jury investigation in support of its now-moot request to modify Mr. Schock's pretrial release. Defendant assumes the government continues to object to unsealing the Defendant Information Sheet, leaving only the documents related to Mr. Schock's pretrial release, which contain excerpts from grand jury testimony and a handful of email messages and records (plucked from among the hundreds of thousands of records the government has obtained), which the government has selectively offered to portray Mr. Schock in a false and misleading light.

Mr. Schock objects to unsealing the records related to his pretrial release. The government ostensibly filed the prejudicial materials as exhibits in support of its recommended bond conditions. But it did so without Rule 6(e) authorization and included out of context, inflammatory documents containing statements that would be inadmissible at trial.

The materials offered by the government for public consumption, including matters occurring before the grand jury, were a portion of testimony and other material that could create a very incomplete factual picture. These materials were never the subject of cross examination or

other benefit of testing in an adversary setting. We need not here address the government's intent in attempting to put this material in the public record, but regardless, the effect of putting investigatory material of this nature in the public record should have been recognized by the government as having the potential to run afoul of important safeguards against improper pretrial influence. The Department of Justice's own guidelines state that an attorney shall not "furnish any statement or information, which could reasonably be expected to be disseminated by means of public communication, if such statement or information may reasonably be expected to influence the outcome of a pending or future trial." 28 C.F.R. § 50.2(b)(2). The regulations go on to state that "[t]he release of certain types of information generally tends to create dangers of prejudice without serving a significant law enforcement function." *Id.* at § 50.2(b)(6). Thus, the guidance provides that certain categories of information, such as "[s]tatements concerning evidence or argument in the case, whether or not it is anticipated that such evidence or argument will be used at trial," pose a particular risk of unfair prejudice. *Id.* at § 50.2(b)(6)(v).

As the government itself stated in its motion for a gag order, there is "strong public interest in this matter and pre-trial publicity." (d/e 13 at 2). With that recognition, the government should be taking pains to avoid unnecessary disclosures that could pose a risk of unfair prejudice. Here, the issue as to which the government claimed this material was relevant is now moot. Thus, the material is not relevant at this time and but for the government's having offered it to begin with, it would not be subject to disclosure. Therefore, there is no public interest in disclosure sufficient to outweigh the risks of unfair prejudice.

"[T]he use of the media, in ways that might very well prejudice defendants, and create an overriding tenor of guilt in the community long before trial, must be avoided." *United States v. Bowen*, 969 F. Supp. 2d 546, 621 (E.D. La. 2013). The Supreme Court has long recognized the

threat to a criminal defendant's due process right to a fair trial that arises from prejudicial pretrial publicity. *See Sheppard v. Maxwell*, 384 U.S. 333, 349–52 (1966). In *Sheppard*, the Supreme Court stated that one of the legal procedures that undergirds a defendant's due process rights "is the requirement that a jury's verdict be based on evidence received in open court, not from outside sources." *Id.* at 351. As one court that sanctioned the government for disclosing grand jury materials noted, "[i]t is indeed distressing . . . to see an obvious effort by the United States Attorney's Office to seek publicity and trial by newspaper in matters where basic fundamental rights . . . are involved." *United States v. Smith*, 992 F. Supp. 743, 746 (D.N.J. 1998).

Because the release of sensitive material must always be balanced against Mr. Schock's right to a fair trial, the risk that this selected investigative material might produce unfair prejudice is reason enough to keep them under seal. But they should also remain sealed because of the need to preserve grand jury secrecy. These documents include an excerpt from a witness's grand jury testimony, which is clearly covered by Rule 6(e), and records related to the grand jury investigation. For the reasons cited below in Section II.B, grand jury testimony and records related to its investigation should remain sealed. Finally, unsealing these records would also publicly reveal witnesses' identities. Accordingly, the Court should deny Politico's request to unseal the criminal matter documents.

### B. The Miscellaneous Matter Documents Should Remain Sealed to Prevent Revelation of the Scope of the Grand Jury Investigation and to Safeguard Witness Privacy

Politico also seeks access to "filings and orders in the related miscellaneous proceeding." That proceeding involved significant litigation regarding grand jury subpoenas. The sealed documents attach or refer to grand jury subpoenas, and they and other documents, if unsealed, would reveal the focus and scope of the grand jury's investigation. By definition, these documents

relate to "a matter occurring before a grand jury" and therefore expressly fall within the purview of Rule 6(e)(6)'s required secrecy for records, orders, and subpoenas.

Even though the grand jury has concluded, disclosure is still unwarranted under the *Carlson* factors discussed above. The grand jury at issue only recently concluded (at the end of June 2016). The defendant objects. The witnesses are alive. The material has not previously been made public. And because this matter is heading for trial, there are additional reasons for maintaining secrecy in this case, such as the potential effect of disclosure on the jury pool.

Disclosure would also publicly reveal the identities of certain grand jury witnesses or individuals whose records were sought. While Mr. Schock has been the obvious focus of media reporting, the threat to these individuals' privacy is real. Indeed, Politico has repeatedly reported on former staff members of Mr. Schock appearing at the federal courthouse in Springfield.[1] It is inevitable that disclosure would likewise cause these individuals' names, and details about them, to be widely reported, if not by Politico then by some other publication.

Because the documents at issue are under seal, we cannot provide much greater specificity regarding each of the documents within this public filing. But to assist the Court's review of the sealed records, the following chart provides a general description of the records under seal (which

---

[1] *See, e.g.*, Jake Sherman and Anna Palmer, *Feds bear down on Schock*, POLITICO (Apr. 7, 2015), at: http://www.politico.com/story/2015/04/aaron-schock-grand-jury-116751 ("The Paul Findley Federal Building and Courthouse here might as well have been the site of an Aaron Schock staff meeting on Tuesday. Several of Schock's highest-ranking former aides . . . trickled into the courthouse in the afternoon to begin testifying in front of a federal grand jury investigating Schock's handling of taxpayer money."); Jake Sherman and Anna Palmer, *Schock staffers tell House they've been subpoenaed*, POLITICO (Apr. 14, 2015), at: http://www.politico.com/story/2015/04/aaron-schock-staffers-house-testify-subpoena-grand-jury-116963 ("Four members of former Rep. Aaron Schock's staff reported to the House that they have received subpoenas to testify before a grand jury in Illinois."); Jake Sherman, Anna Palmer and John Bresnahan, *Feds probe Schock's mileage payments*, POLITICO (May 6, 2015), at: http://www.politico.com/story/2015/05/congressman-aaron-schock-mileage-prosecutor-grand-jury-117692 (revealing names of staff members called before the grand jury); Jake Sherman, *Schock intern subpoenaed by grand jury*, POLITICO (June 4, 2015), at: http://www.politico.com/story/2015/06/aaron-schock-intern-anthony-dethomas-subpoenaed-118648 ("Now, they want to hear from the interns.").

description can be divined from the docket itself or publicly-available documents filed therein), along with the reason they should remain sealed:

| *Docket Nos.* | *General Description* | *Basis for Remaining Sealed* |
|---|---|---|
| 1-14 | Filings, sealed hearing transcripts, and sealed opinion related to grand jury subpoena issued upon Aaron Schock, the Office of Aaron Schock, and related campaign committees. | Documents attach or reference grand jury subpoena, which (1) contains the names of various witnesses or individuals whose documents were sought, and/or (2) reveal the scope and focus of the grand jury investigation.<br><br>Court ordered that these documents remain sealed following decision to unseal the matter following the July show cause hearing. *See* 8/10/2015 Text Order. |
| 30-31 | Documents inadvertently filed in the matter. | Court ordered that these documents remain sealed because they were inadvertently filed in this matter. *See* 8/10/2015 Text Order. |
| 18, 22, 42, 51, 55-57, 59, 61 | Various filings related to grand jury subpoena litigation and/or related to the filing of redacted versions of previously sealed documents. | Redactions were provided on certain documents per party agreement and Court order; the originals remained sealed. *See* 8/10/2015 Text Order. |
| 94 | Sealed *ex parte* submission related to Mr. Schock's claims of attorney-client privilege and attorney work product. | *Ex parte* filing contains discussion of attorney-client privileged and work product protected documents. Court granted permission to file *ex parte* document under seal. *See* 9/29/2015 Text Order. |
| 109, 116-120, 122-147, 155 | Filings, sealed hearing transcripts, and sealed orders related to litigation regarding compliance by U.S. House of Representatives with grand jury subpoenas. | Documents attach or reference grand jury subpoenas, which (1) contain the names of various witnesses or individuals whose documents were sought, and/or (2) reveal the scope and focus of the grand jury investigation.<br><br>Note: The fact that this subpoena was issued, and general status updates on compliance with it, were publicly disclosed. *See, e.g.*, Docket Entries 108, 110, 114, 115. |
| 149-154 | Objections related to Politico's request to unseal documents. | References to reasons why prior filings should remain sealed; Court |

| *Docket Nos.* | *General Description* | *Basis for Remaining Sealed* |
|---|---|---|
| | | ordered that objections remain sealed (*see* 3/30/2016 Text Order) |
| 158 | Sealed Text Order | Issued under seal by the Court. |

In sum, we respectfully submit that the reasons previously supporting the sealing of each of these records continue to apply. Accordingly, the Court should deny Politico's request for documents from the miscellaneous proceeding.

### III. Because All of Documents Filed Under Seal Should Remain Under Seal, There Is No Need To Redact The Information

For the reasons stated above, particularly that the documents in question largely relate to and discuss grand jury subpoenas and their contents, all documents at issue should remain sealed, at least pending the outcome of this criminal matter. Therefore, there is no need to redact, and the Court should deny Politico's request to redact these documents. Moreover, redaction of more than forty documents—many containing numerous exhibits—filed by three different parties will impose a time-consuming and costly burden on the parties who are preparing for a lengthy trial. However, if the Court determines that some or all of the materials should be released, Mr. Schock requests that the Court order they be redacted to both minimize the risk of adverse pretrial publicity and to protect the privacy of individuals.

### CONCLUSION

For the reasons stated above, Aaron J. Schock respectfully requests that the Court deny Politico's request to unseal documents.

Dated: February 3, 2017                                    Respectfully submitted,

*/s/ George J. Terwilliger III*
_____
George J. Terwilliger III
Robert J. Bittman

Nicholas B. Lewis
**MCGUIREWOODS LLP**
2001 K Street N.W., Suite 400
Washington, D.C. 20006-1040
Tel: 202.857.2473
Fax: 202.828.2965
Email: gterwilliger@mcguirewoods.com


*/s/ Christina M. Egan*

_____

Christina M. Egan
**MCGUIREWOODS LLP**
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
Tel: 312.750.8644
Fax: 312.698.4502
Email: cegan@mcguirewoods.com


*/s/ Jeffrey B. Lang*

_____

Jeffrey B. Lang
**LANE & WATERMAN LLP**
220 N. Main Street, Suite 600
Davenport, Iowa 52801-1987
Tel: 563.333.6647
Fax: 563.324.1616
Email: jlang@L-WLaw.com

*Counsel for Aaron J. Schock*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record at their respective email addresses disclosed on the pleadings on this 3rd day of February, 2017.

*/s/ George J. Terwilliger III*
_____
George J. Terwilliger III