E-FILED
Friday, 05 May, 2017  11:54:56 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cr-30061 |
| | ) | |
| AARON J. SCHOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AARON J. SCHOCK'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNT 11 AS DUPLICITOUS**

The defendant, Aaron J. Schock, by counsel, moves to dismiss Count 11 of the indictment

as duplicitous under Federal Rule of Criminal Procedure 12(b)(3)(B)(i).

**INTRODUCTION**

Count 11 of the indictment purports to charge a *single* offense of theft of government

property in violation of Section 641 and 2 of Title 18.  This supposed single offense allegedly

occurred over a period of five years – anywhere from 2010 until March 31, 2015 – and took place

in this district or "elsewhere."  This five-year expanse of charging contains nary a detail on what

was allegedly stolen, when it was stolen, or where.  Though the charge is completely opaque, the

law is clear: Section 641 is not a continuing offense.  As a result, the government cannot lump five

years' worth of alleged thefts into a single count, as it has apparently attempted to do here.

Because Section 641 is not a continuing offense, the government's apparent effort to charge

multiple Section 641 violations in a single count renders Count 11 duplicitous.  Count 11's

duplicity is no simple technical pleading failure; it threatens substantial prejudice to Mr. Schock.

First, Count 11 deprives Mr. Schock of notice of the charges he is facing.  As presently stated, the

1

count could cover the allegation that Mr. Schock "stole" from the government by virtue of mileage vouchers in 2014, or it could allege that he snatched a government $5 bill in 2010, or all of the above. Second, by attempting to charge as a continuing offense that which is not, the government has alleged conduct that is outside the statute of limitations. The beginning period of the charged offense is outside the statute of limitations, and requiring the government to charge in individual counts would enable Mr. Schock to assert a statute of limitations defense to specific charges where applicable. Third, the government may have intended to charge conduct in Count 11 for which there is no venue in this district. Because Section 641 is not a continuing offense, and because for much of the charged time period Mr. Schock spent a substantial period of his work time in Washington, D.C., it may well be that venue does not exist in this district. The government's present one-charge-fits-all approach masks these potential venue deficiencies. Count 11 should accordingly be dismissed as duplicitous.

## BACKGROUND

Count 11 of the indictment alleges violations of 18 U.S.C. § 641, which provides, in relevant part:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof;
>
> . . .
>
> Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

The indictment cites a violation of the first paragraph of § 641 by alleging that Mr. Schock "did knowingly embezzle, steal, purloin, and convert to the use of another more than $1,000 of money of the United States." Count 11 ¶ 2.

Count 11 does not specify the factual basis for the alleged violations. Count 11 incorporates "Paragraphs 1 through 74 of Counts 1 through 8," but does not identify which of those allegations forms the basis for Count 11. Nor does it purport to exclude other, as yet unknown alleged bases for § 641 liability. Even if Count 11 were limited to the allegations in paragraphs 1 through 74, those include a long list of diverse and unrelated payments and requests for reimbursement, including:

- Allegedly excessive mileage reimbursements, ¶¶ 20-28;

- Allegedly fraudulent reimbursement claims for camera equipment, ¶¶ 29-35;

- The purchase of a vehicle for a district office employee, ¶ 36;

- A trip to a Chicago Bears game, ¶¶ 37-41;

- Air travel expenses, ¶¶ 42-44;

- Super Bowl and World Series tickets, ¶¶ 45-50;

- A former staffer's legal fees, ¶¶ 51-55;

- The purchase of a vehicle for Mr. Schock's use, ¶¶ 56-59;

- Remodeling expenses, ¶¶ 60-66; and

- Employee bonuses, ¶¶ 67-68.

Furthermore, the indictment does not specify when the alleged violations occurred, except that they happened sometime during the five-year period "[f]rom in or about 2010, and continuing to on or about March 31, 2015." Finally, it does not limit where those violations occurred because they allegedly took place "in the Central District of Illinois *and elsewhere*" (emphasis added).

**ARGUMENT**

**I.      Count 11 should be dismissed because it is duplicitous.**

Federal Rule of Criminal Procedure 12(b)(3)(B)(i) allows pretrial dismissal based on the indictment's duplicity when the motion to dismiss "can be determined without a trial on the merits."  "An indictment is duplicitous if it charges two or more offenses in a single count." *United States v. Haynes,* 582 F.3d 686, 703 (7th Cir. 2009); *see also* 1A Charles Alan Wright & Arthur R. Miller, *Fed. Practice & Procedure* § 142 (3d ed. 1999) ("The yardstick in determining whether there is duplicity . . . is whether one offense or separate offenses are charged.").  The danger of duplicity is fourfold: duplicitous counts (1) "fail to give defendants adequate notice of the nature of the charges against which they must prepare a defense"; (2) "threaten to subject defendants to prejudicial evidentiary rulings at trial"; (3) "produce trial records inadequate to allow defendants to plead prior convictions or acquittals as a bar to subsequent prosecution for the same offense"; and (4) "present a risk that the jury may have convicted a defendant by a nonunanimous verdict." *United States v. Kimberlin*, 781 F.2d 1247, 1250 (7th Cir. 1985).  When the "defendant properly raise[s] this issue before trial, the proper remedy is dismissal of the duplicitous count."  *United States v. Bessigano*, No. 2:08 CR 110, 2008 WL 4833110, at *3 (N.D. Ind. Nov. 4, 2008).

**A.      Count 11 is duplicitous because it improperly charges multiple distinct offenses in a single count.**

**1.      Each transaction in which government money is received is a separate offense under § 641.**

To determine whether the charged conduct constitutes multiple offenses, "it is necessary to identify the unit of prosecution of the offense charged."  *United States v. Song*, 934 F.2d 105, 108 (7th Cir. 1991); *see also United States v. Root*, 585 F.3d 145, 150 (3d Cir. 2009) ("To determine whether a count is duplicitous, we must ascertain the allowable unit of prosecution.").  The unit of prosecution is "the minimum amount of activity for which criminal liability attaches."

4

*United States v. Khan*, 771 F.3d 367, 376 (7th Cir. 2014). Identifying the unit of prosecution is a matter of statutory construction that starts with "the language of the statute itself." *Song*, 934 F.2d at 108.

As the Fifth Circuit has held, "the 'allowable unit of prosecution' under § 641 is each individual transaction in which government money is received, even if the transaction is part of an overarching scheme." *United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010). That follows from the text of § 641, which recognizes a completed offense whenever "any . . . money, or thing of value of the United States" is embezzled, stolen, purloined, or knowingly converted. In analogous crimes, similar language shows that the unit of prosecution is each individual transaction when money changes hands. *See Reagan*, 596 F.3d at 254 ("[T]he language of § 1006, which punishes the receipt of 'any money . . . through any transaction,' makes clear that a defendant 'violate[s] § 1006 each time he benefit[s] from an extension of credit.'") (quoting *United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir. 1993)); *id.* (In § 664, which penalizes "[a]ny person who embezzles, steals, or unlawfully and willfully abstracts or converts to his own use or to the use of another, any of the moneys . . . or other assets of any employee welfare benefit plan," "the use of the phrase 'any moneys' indicates the intent of Congress that each taking of funds from an employee benefit plan constitutes a separate violation of the statute.") (quoting *United States v. Busacca*, 936 F.2d 232, 239 (6th Cir. 1991)). And while a criminal statute that includes a scheme or artifice to defraud as an element might have as its unit of prosecution "the overarching scheme, not individual steps in furtherance of that scheme," *id.*, § 641 contains no such element. *See also United States v. Tackett*, No. 11-15-ART, 2011 WL 4005347, at *6 (E.D. Ky. Sept. 8, 2011) (holding that the government can aggregate offenses involving discrete sums of money in a single

scheme under RICO because "its statute criminalizes *patterns* of activity," but "the same cannot be said for all thefts of government funds").

The final paragraph of § 641 confirms that the proper unit of prosecution is a single instance of theft. That paragraph specifically allows the government to aggregate the value of stolen property "from all the counts" to reach the felony threshold of $1,000. But there would be no need to aggregate *among* counts if the unit of prosecution were larger than a single theft transaction, because those transactions could automatically be aggregated *within* a single count. In other words, if the unit of prosecution for § 641 already encompassed all the distinct instances of theft the government evidently intends to prove here, the aggregation clause of the final paragraph would be superfluous. *See United States v. Orona–Ibarra*, 831 F.3d 867, 874 (7th Cir. 2016) (relying on "the 'cardinal principle of statutory construction that a statute ought . . . to be so construed that . . . no clause, sentence, or word shall be superfluous, void, or insignificant.'") (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)); *see also Tackett*, 2011 WL 4005347, at *6 (Although § 641 allows a court to "combine multiple *counts* of § 641 to determine the defendant's sentence," it "does not allow an indictment to aggregate multiple offenses into one count.") (emphasis added). The only unit of prosecution for § 641 consistent with the language of the statute is the individual transaction in which government property is stolen or converted.

> **2.    Count 11 alleges multiple offenses by alleging the receipt of government money in multiple separate transactions across five years and diverse locations.**

Although Count 11 does not disclose the factual bases for the alleged § 641 violations, the government evidently intends to prove this Count using multiple separate transactions, each of which constitutes a separate unit of prosecution. In particular, the government intends to prove some transactions going as far back as 2010 and some as recent as 2015. Moreover, it intends to prove transactions that occurred in this District, and transactions that occurred "elsewhere."

Because each of those transactions is a separate and distinct unit of prosecution, Count 11 charges multiple theft offenses.

Because Count 11 conceals the specific transactions at issue, those multiple transactions potentially encompass a wide range of diverse, unrelated conduct. Even if the potential bases for Count 11 were limited to those allegations in the indictment's introductory allegations, the Count could still conceal a slew of unrelated allegations. The remainder of the indictment alleges misconduct related to expenses as varied as a former staffer's legal fees, Super Bowl tickets, and a car for a district office employee. Indictment Counts 14-16.

*United States v. Tackett* confirms that Count 11 impermissibly charges multiple offenses. There, the Eastern District of Kentucky dismissed a § 641 count as duplicitous. That defendant was charged with depositing 34 nursing home residents' federal benefit checks into the nursing home's general account, and then later making four withdrawals of those funds for personal use. 2011 WL 4005347, at *1. The court acknowledged that the defendant "may have had the same intention to steal each check, and he may have conceived a grand plan of theft in advance of the first mail delivery." *Id.* at *5. But the indictment necessarily set out separate offenses because "he would have needed to perform more than one affirmative act" to complete each transaction, *id.*, i.e. each unit of prosecution. The court explained that "[t]he offenses are separate because after the thief makes off with the money the first time, the 'evil Congress sought to prevent' has ended. The 'evil' may resume a few days later when the thief steals again, but it is a new evil, separate from the first." *Id.* at *4.

**B.**     **Count 11's duplicitous lumping of separate offenses into a single count cannot be excused by deeming it a "continuing offense."**

The government may nevertheless argue that the miscellaneous distinct offenses it intends to prove under Count 11 should be considered a single "continuing offense." *See* Count 11, ¶ 2

(alleging violations of § 641 "[f]rom in or about 2010, and *continuing* to on or about March 31, 2015"). But § 641 is never a continuing offense under binding Seventh Circuit law. And, in the alternative, even if § 641 could be a continuing offense in some cases, Count 11 does not charge a continuing offense here.

**1.      Section 641 is categorically not a continuing offense.**

The Seventh Circuit held in *United States v. Yashar* that an offense is only deemed "continuing" for limitations purposes under narrow circumstances not presented here. 166 F.3d 873 (7th Cir. 1999). The court explained that a "continuing offense" is "a term of art, and does not merely mean an offense that continues in a factual sense." *Id.* at 875. Rather, an offense is continuing for limitations purposes "only when (a) 'the explicit language of the substantive criminal statute compels such a conclusion,' or (b) 'the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one.'" *Id.* (quoting *Toussie v. United States*, 397 U.S. 112, 115 (1970)). The Seventh Circuit rejected the government's argument that an offense should also be deemed continuing "whenever the *charged conduct* is continuous in nature" because the focus should be "on Congress' wording and intent." *Id.* at 877. Thus, the crime of embezzlement under 18 U.S.C. § 666[1] was not a continuing offense, even when the government charged a year-long scheme of receiving impermissible wages and health insurance benefits. *Id.* at 875.

Likewise, the § 641 crime – which echoes § 666 in relevant wording – of "embezzl[ing], steal[ing], purloin[ing], or knowingly convert[ing]" property of the United States is not a

---

[1] Section 666(a)(1)(A) provides a 10-year felony for any employee of an organization or state or local government that receives federal funds who "embezzles, steals, obtains by fraud, or otherwise without authority knowingly converts to the use of any person other than the rightful owner or intentionally misapplies, property" of the organization or government worth $5,000 or more.

continuing offense under *Yashar*.  Nothing in the text of § 641 compels the conclusion that it is a continuous offense.[2]  *Cf.* 18 U.S.C. § 3284 ("The concealment of assets of a debtor in a case under title 11 shall be deemed to be a continuing offense until the debtor shall have been finally discharged or a discharge denied, and the period of limitations shall not begin to run until such final discharge or denial of discharge.").  And nothing about the nature of the offense in the first paragraph of § 641 makes it "assured[]" that Congress would have considered it a continuing offense.  *Yashar*, 166 F.3d at 875.  To the contrary, the first paragraph of § 641 is quite similar to the theft offense in § 666 that *Yashar* held not to be a continuing offense.  Thus, in the Seventh Circuit, the crime codified in the first paragraph of § 641 is not a continuing offense.[3]  The numerous distinct allegations incorporated into Count 11 accordingly cannot be charged in a single count.  *See United States v. Mancuso*, 718 F.3d 780, 793 (9th Cir. 2013) (rejecting a duplicity challenge to convictions for possession with intent to distribute because that is a continuing offense, but vacating a conviction under a count alleging multiple instances of distribution because that is not a continuing offense).

---

[2] Even if crimes requiring a "scheme to defraud" are continuing offenses, as the government has argued, *see, e.g.*, *United States v. Reitmeyer*, 356 F.3d 1313, 1321 (10th Cir. 2004);  *United States v. St. Gelais*, 952 F.2d 90, 96–97 (5th Cir. 1992), a scheme to defraud is not an element of § 641.

[3] *See also United States v. Henrikson*, 191 F. Supp. 3d 999, 1004 (D.S.D. 2016) ("Theft of government property as contained in the first paragraph of § 641 does not constitute a continuing offense."); *United States v. Arnold*, 991 F. Supp. 2d 1307, 1312 (S.D. Ga. 2014) ("[T]he Court does not treat embezzlement under § 641 as a continuing offense."); *United States v. Crary*, No. 13-35-M-DLC, 2013 WL 6054607, at *3 (D. Mont. Nov. 15, 2013) ("[Section] 641 is not a continuing offense.");  *United States v. Pease*, No. CR-07-757-PHX-DGC, 2008 WL 808683, at *3 (D. Ariz. Mar. 24, 2008) ("[T]he crime of conversion of government funds as codified in the first paragraph of § 641 is not a 'continuing offense.'"); *United States v. Beard*, 713 F. Supp. 285, 291 (S.D. Ind. 1989) ("[T]he crime of conversion, proscribed by the first paragraph of section 641, is *not* a 'continuing offense.'").

### 2. Even if Section 641 could be a continuing offense in some cases, Count 11 does not charge a continuing offense here.

Although *Yashar* prohibits courts in this Circuit from looking at the charged conduct to determine whether there is a continuing offense, Count 11 would not state a continuing offense even in jurisdictions that consider the charged conduct for that purpose.

In *United States v. Smith*, for example, the Fourth Circuit found that a specific type of Social Security fraud could constitute a continuous offense of embezzlement under the first paragraph of § 641.  373 F.3d 561 (4th Cir. 2004).  There, the defendant failed to report his mother's death so that he could continue collecting her Social Security benefits, thus "establish[ing] a mechanism for the automatic and continuous receipt of funds for an indefinite period."  *Id.* at 564.  The Fourth Circuit held that "[a]t least in those cases where the defendant created a recurring, automatic scheme of embezzlement under section 641 by conversion of funds voluntarily placed in the defendant's possession by the government, and maintained that scheme without need for affirmative acts linked to any particular receipt of funds . . . we think that Congress must have intended that such be considered a continuing offense."  *Id.* at 567-68; *see also United States v. Phan*, 754 F. Supp. 2d 186, 190 (D. Mass. 2010) (finding a continuing § 641 offense "where the violation consists of an uninterrupted scheme wrongfully to receive SSI payments"); *United States v. Gibson*, No. 08-03057-01-CR-S-DGK, 2008 WL 4838226, at *3 (W.D. Mo. Nov. 6, 2008) (same, where the defendant was charged with receiving inflated Social Security benefits by failing to notify the SSA of his marriage).

Unlike in *Smith*, here the government does not allege any "recurring, automatic scheme" that was maintained "without need for affirmative acts linked to any particular receipt of funds." 373 F.3d at 567-68; *see also Tackett*, 2011 WL 4005347, at *4 (distinguishing *Smith* as involving a "recurring plan" that does not require "any new actions to continue to steal the government's

10

money").  In fact, the government does not specify the factual basis for this Count at all.  Even if the universe of potential basis for the § 641 violation were limited to the rest of the indictment, that would still require a distinct act for *each* particular receipt of funds.  *See Tackett*, 2011 WL 4005347, at *5 (because the alleged scheme required "more than one affirmative act," it "therefore set out separate counts against [defendant], rather than one continuing offense").  And those affirmative acts do not relate to uniform "recurring" charges as in *Smith*, but rather to payments for expenses as varied as a former staffer's legal fees, Super Bowl tickets, and a car for a district office employee.  Indictment Counts 14-16.  Thus, even if the nature of the charged conduct mattered under Seventh Circuit precedent, the indictment does not charge a continuous offense under Section 641.  Because Count 11 charges more than two offenses and does not state a continuous offense under any plausible theory, Count 11 is duplicitous.

## C.    The duplicity in Count 11 would prejudice the defense.

The government's decision to conceal the nature of the offenses underlying Count 11 infringes Mr. Schock's right to notice of the charges against him, hinders him from moving to dismiss clearly time-barred offenses, and inhibits venue challenges to offenses that the government admits occurred elsewhere.  The government's apparent desire not to tip its hand does not justify imposing those prejudicial effects on Mr. Schock.

First, the blank-check Count 11 "fail[s] to give [Mr. Schock] adequate notice of the nature of the charges against which [he] must prepare a defense."  *Kimberlin*, 781 F.2d at 1250.  When preparing for trial, Mr. Schock can only guess which of the thousands of transactions the government investigated will be presented to the jury and characterized as theft.  But criminal indictments are not meant to be guessing games, as the Sixth Amendment guarantees "the right . . . to be informed of the nature and cause of the accusation."  *See also United States v. Trennell*, 290 F.3d 881, 888 (7th Cir. 2002) ("[T]he Fifth Amendment requires . . . giv[ing] the defendant

11

reasonable notice so that he may prepare a defense.").  An "overly broad indictment" like this one thus creates the specter of "unfair surprise" because it "fails to warn the defendant of the true nature of the allegations."  *United States v. Berkley*, 333 F.3d 776, 779 (7th Cir. 2003).

Count 11 also inhibits Mr. Schock's ability to present a statute-of-limitations defense for at least some of the offenses alleged in that Count.  Section 641—which is not a continuing offense, *see* section I.B *supra* —is restricted by the five-year statute of limitations in 18 U.S.C. § 3282(a).  *See Pease*, 2008 WL 808683, at *1, *4.   Because the government indicted Mr. Schock on November 10, 2016, all offenses before November 10, 2011 are time-barred.  Nevertheless, Count 11 alleges that some of the bases for § 641 liability—and potentially a great deal of them—began "in or about 2010."  Mr. Schock should be able to identify and dismiss those time-barred offenses.  *See Smith*, 373 F.3d at 563 ("When an indictment impermissibly joins separate offenses that occurred at different times, prosecution of the earlier acts may be barred by the statute of limitations.").

Furthermore, Count 11 prejudices Mr. Schock's ability to challenge the venue for the offenses that the government will attempt to prove at trial.  Under Rule 18, "the government must prosecute an offense in a district where the offense was committed."  But Count 11 alleges that the underlying offenses were committed "in the Central District of Illinois *and elsewhere*."   By concealing which offenses were committed elsewhere and where they were committed, the indictment seeks to mask its venue deficiencies.

Finally, the other dangers of duplicitous counts would be present if Count 11 were tried as presently drafted.  Mr. Schock would be threatened with "prejudicial evidentiary rulings at trial." *Kimberlin*, 781 F.2d at 1250.  Because there are potentially many distinct offenses in Count 11, it would be a tricky task for jurors to agree which were proved beyond a reasonable doubt, creating

"a risk that the jury may have convicted a defendant by a nonunanimous verdict." *Id.*  And last, the sheer number of potential offenses could result in trial records that make it difficult or impossible for Mr. Schock "to plead prior convictions or acquittals as a bar to subsequent prosecution for the same offense." *Id.*  For all these reasons, the duplicity in Count 11 is unacceptably prejudicial.

## CONCLUSION

Because Count 11 charges multiple distinct theft offenses in a single count, it is duplicitous. Moreover, that duplicity is prejudicial because it provides no notice of the precise allegations that the government will rely on, which inhibits proper trial preparation and hinders meritorious motions to dismiss time-barred and improperly venued offenses.  Count 11 should accordingly be dismissed.

Dated: May 5, 2017                     Respectfully submitted,

                                       */s/ George J. Terwilliger III*
                                       _____
                                       George J. Terwilliger III
                                       Robert J. Bittman
                                       Benjamin L. Hatch
                                       Nicholas B. Lewis
                                       **MCGUIREWOODS LLP**
                                       2001 K Street N.W., Suite 400
                                       Washington, D.C. 20006-1040
                                       Tel: 202.857.2473
                                       Fax: 202.828.2965
                                       Email: gterwilliger@mcguirewoods.com


                                       */s/ Christina M. Egan*
                                       _____
                                       Christina M. Egan
                                       **MCGUIREWOODS LLP**
                                       77 West Wacker Drive
                                       Suite 4100
                                       Chicago, IL 60601-1818
                                       Tel: 312.750.8644
                                       Fax: 312.698.4502
                                       Email: cegan@mcguirewoods.com


                                       */s/ Jeffrey B. Lang*
                                       _____
                                       Jeffrey B. Lang
                                       **LANE & WATERMAN LLP**
                                       220 N. Main Street, Suite 600
                                       Davenport, Iowa 52801-1987
                                       Tel: 563.333.6647
                                       Fax: 563.324.1616
                                       Email: jlang@L-WLaw.com

                                       *Counsel for Aaron J. Schock*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record at their respective email addresses disclosed on the pleadings on May 5, 2017.

*/s/ George J. Terwilliger III*

_____

George J. Terwilliger III